UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGELA MEI YI YEUNG,

      Plaintiff,

    v.

JP MORGAN CHASE BANK NATIONAL
ASSOCIATION, et al.,

      Defendants.

Case No.  26-cv-02551-JD

**ORDER RE REMAND**

Plaintiff Angela Mei Yi Yeung asks to remand this dispute over California state law employment claims to the Contra Costa Superior Court, where she originally filed her lawsuit. Dkt. No. 23.  The removing defendants, JP Morgan Chase Bank National Association (Chase), her former employer, and Stacey Pearson, her former supervisor, say that traditional diversity jurisdiction under 28 U.S.C. § 1332(a) exists.  Dkt. No. 26.  The parties' familiarity with the record is assumed, and the case is remanded.

The dispositive question is whether Pearson was fraudulently joined in this lawsuit. [1]  The parties agree that Yeung and Pearson are both California residents, *see* Dkt. No. 26 at 4, which would destroy complete diversity.  Chase says Pearson is a sham defendant, and so her citizenship should be disregarded for jurisdictional purposes.  *See* Dkt. No. 1 at 7-10; Dkt. No. 26 at 4-6.

Fraudulent joinder "imposes a particularly heavy burden on the defendant to prove." *Knutson v. Stericyle, Inc.*, No. 24-CV-05219-JD, 2025 WL 520874, at *2 (N.D. Cal. Feb. 18, 2025).  "There is a general presumption against finding fraudulent joinder, which adds to the usual presumption against removal in all cases under Section 1332(a)."  *Trahan v. Wal-Mart Assocs.,*

---

[1]  Yeung posed a question about timeliness, which the Court need not address in light of the citizenship issue.

*Inc.*, No. 25-CV-05743-JD, 2025 WL 2985230, at *2 (N.D. Cal. Oct. 23, 2025) (quotations omitted). To carry the day here, Chase must demonstrate that "an individual joined in the action cannot be liable on any theory." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (brackets omitted). If there is even "a possibility that a state court would find that the complaint states a cause of action," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009), and so long as the claim is not "wholly insubstantial and frivolous," joinder is proper. *Grancare*, 889 F.3d at 549 (internal quotations omitted).

Chase's main contention along these lines was that Yeung did not obtain a right-to-sue letter against Pearson until April 2026, well after she had filed the original complaint in state court, and consequently did not exhaust her administrative remedies as required under FEHA. *See* Dkt. No. 26 at 7-8. Even accepting this proposition as true for present purposes, it does not create federal subject matter jurisdiction. That is because a post-filing right to sue letter does not, in itself, entirely eliminate the possibility a state court would find that the complaint states a cause of action.

Chase also filed a declaration by Pearson suggesting that she was not Yeung's supervisor within the limitations period. S*ee* Dkt. No. 26-1. But "these statements simply create disputes of fact that do not, in themselves, rule out any possibility of a viable claim." *Dole v. Verisk Analytics, Inc.*, No. 22-CV-06625-JD, 2023 WL 2985116, at *3 (N.D. Cal. Apr. 17, 2023).

Consequently, Chase "did not carry its heavy burden" of establishing fraudulent joinder. *Trahan*, 2025 WL 2985230, at *2. Complete diversity of citizenship has not been established, and so removal to federal court was improper, and the case is remanded to the Superior Court for the County of Contra Costa. 28 U.S.C. § 1447(c). Each side will bear its own costs and fees in connection with the removal and remand proceedings. The hearings set for July 16, 2026 are vacated.

**IT IS SO ORDERED.**

Dated: July 13, 2026

_____
JAMES DONATO
United States District Judge

2